Randall B. Bateman (USB 6482)
BATEMAN IP
299 South Main Street, Suite1300
Salt Lake City, UT 84111
Tel: (801) 533-0320
Email: rbb@batemanip.com; mail@batemanip.com

*Attorneys for Plaintiff Michael Green*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL GREEN, an individual,<br><br>        Plaintiff,<br>    vs.<br><br>PARK CITY PERFORMANCES, d.b.a. EGYPTIAN THEATRE, a Utah Corporation; RANDY BARTON, an Individual; UTOPIA ARTISTS, LLC, a Florida Limited Liability Company; WENDY KAY, an individual; DAVID MEROS, an Individual; ERIC BARNET, an individual; MARTIN GERSCHWITZ, an Individual; and BRENARD PERSHEY, an Individual.<br>.<br>        Defendants. | **PLAINTIFF'S OPPOSITION TO THIRD-PARTY DEFENDANTS NANCY BUSHY, ESTATE OF RONALD BUSHY, AND THE BUSHY FAMILY TRUST'S MOTION TO DISMISS**<br><br>Case No. 2:21-cv-00627-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Cecilia M. Romero |

Plaintiff Michael Green ("Green"), by his undersigned counsel, hereby opposes the Third-Party Defendant's Motion to Dismiss as follows.

1

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................2

PLAINTIFF'S STATEMENT OF FACTS............................................................................3

ARGUMENT..........................................................................................................................5

I.   THE THIRD-PARTY DEFENDANTS FAIL TO SHOW HOW THE CLAIMS ARE INADEQUATE......................................................................................................5

   A.  The Fraud Claim Meets the Requirements of Rule 9. ........................................6

II.  THE THIRD-PARTY COMPLAINT is Proper. ......................................................7

CONCLUSION....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page No.**

**Cases**

*Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan*, 216 F.R.D. at 513 ...................... 7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .......................... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .... 6

*Clark v. Assocs. Commercial Corp.*, 149 F.R.D. 629, 634 (D. Kan. 1993) ....................................... 7

*Dery v. Wyer,* 265 F.2d 804, 806-07 (2d Cir. 1959) ........................................................................ 8

*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). .................................................................. 5

*Howard v. Ward County*, 418 F. Supp. 494, 507 (D.N.D. 1976) ..................................................... 7

*Keister v. Laurel Mt. Development Corp.,* 70 F.R.D. 10, 13 (W.D. Pa. 1976) ................................. 7

*Marshall v. Pointon,* 88 F.R.D. 566, 568 (W.D. Okl. 1980) ............................................................ 8

*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) ................................ 6

*Thomas v. Malco Refineries, Inc.*, 214 F.2d 884, 886 (10th Cir. 1954) ........................................... 7

*United States v. Yellow Cab Co.,* 340 U.S. 543, 556, 95 L. Ed. 523, 71 S. Ct. 399 (1951) ............. 8

*Weisman v. Ashplant,* 326 F. Supp. 825, 827 (S.D.N.Y. 1971) ....................................................... 8

**Statutes**

15 U.S.C. § 1120 ............................................................................................................................... 8

**Rules**

Fed. R. Civ. P. 14 (a)(1) .................................................................................................................... 7

## INTRODUCTION

During 2014 Michael Green ("Green") and Ron Bushy (Bushy") discussed reforming a 1960s rock band – IRON BUTTERFLY.  Bushy was suffering from cancer and informed Green that Bushy only had about eight months to live.  Initially, Bushy and Green entered into a license agreement.  However, due to constant interference by Nancy Bushy, Green told Bushy that he would not move forward with the band unless he could be certain that Nancy Bushy could not pull the license from Green as soon as Bushy passed away.  Bushy indicated that he would assign the trademark to Green so that Green would have control over the trademark and could not have it taken away after Bushy died.  Bushy provided the two assignments attached to the Complaint to Green shortly thereafter.  Bushy also asked Green not to mention the assignment while he was alive, as Nancy Bushy would "give him hell."

Green managed that band and operated under the license up to 2019, as Bushy lived far longer than his original prognosis.  Green stopped performances with the band in 2019 due to continual interference by Mrs. Bushy.  When Green learned that Bushy and Nancy Bushy and Green's former booking agent Wendy Kay were again booking the band in July 2021, Green publicly disclosed the assignment of rights from Bushy to Green.  A month later Bushy died.  In reliance on the documents which Bushy provided to Green, Green filed the shorter of the two assignments with the U.S. Patent and Trademark Office and it was recorded in due course.

Green has further relied on the assignments that Bushy provided in sending cease and desist letters to the Theatre Defendants and in bringing the present action.  If the assignments provided by Bushy do not have Ron Bushy's signature and are thus fraudulent, as the Theatre Defendants allege, the Third-Party Defendants are liable to Green to the extent that Green may be

liable to the Theatre Defendants. The actions complained of by the Theatre Defendants were all based on the assignments provided to Green by Bushy.

## PLAINTIFF'S STATEMENT OF FACTS

1. Iron Butterfly was a popular music group in the 1960s and 1970s.[1]

2. In 2014 Green and Ron Bushy discussed reforming the band.[2]

3. Mr. Bushy originally granted Green a license to operate a musical group as IRON BUTTERFLY.[3]

4. After Nancy Bushy ("Mrs. Bushy") repeatedly interfered with Green's efforts to recreate the group, Green told Mr. Bushy that he would not move forward with the group due to Mrs. Bushy's interference and Green's belief that Mrs. Bushy would push Green out upon Mr. Bushy's death (which was then believed to be less than a year away due to Mr. Bushy's battle with cancer).[4]

5. Mr. Bushy told Green that his greatest wish was for the band to be recreated and that he would assign the IRON BUTTERFLY mark so that Green could not be pushed out after Mr. Bushy's death.[5]

6. Shortly thereafter Green received two documents from Mr. Bushy. Both documents were assignment of the IRON BUTTERFLY mark and included Mr. Bushy's signature.[6]

---

[1] (Declaration of Michael Green, Dkt. 33-1, ¶ 2)
[2] (*Id*. at 4).
[3] (*Id*. at ¶ 7; Dkt. 79, ¶ 12).
[4] (Dkt 33-1 at ¶¶ 9-11; Dkt. 79, ¶ 17).
[5] (Dkt. 33-1 at ¶ 5, 12. Dkt. 79, ¶ 20).
[6] (Dkt. 33-1 at ¶ 14 and Exhibit A thereto; Dkt. 79, ¶¶ 21-25).

7. Green relied on statements of, and the assignments provided by Mr. Bushy.[7]

8. In 2019 Green and Bushy had a falling out over Nancy Bushy's behavior and Green finally told Mr. Bushy that he was unwilling to perform or promote the band as long as Mrs. Bushy continued to interfere.[8]

9. In the summer 2021, Green heard that some former members of IRON BUTTERLY would be performing concerts using the IRON BUTTERFLY mark with the blessing of Mr. Bushy.[9]

10. Shortly thereafter, Mr. Bushy passed away.[10]

11. Honoring Mr. Bushy's prior request, Green filed the assignment with the U.S. Patent and Trademark Office two days after Mr. Bushy's death.[11]

12. Despite knowledge that Mr. Bushy assigned his trademark rights to Green, Defendants and Third-Party Defendants continued use of the IRON BUTTERFLY mark for concerts.[12]

13. Green filed a Complaint October 22, 2021, for trademark infringement, unfair competition, and a number of related torts in reliance on the assignments which Mr. Bushy provided to Green.[13]

---

[7] (Dkt. 33-1 at ¶ 17-18; Dkt. 79, ¶¶ 24-28).
[8] (Dkt. 33-1 *Id.* at ¶¶ 25-27).
[9] (*Id.* at ¶ 30).
[10] (*Id.* at ¶ 32).
[11] (*Id.* at ¶ 33).
[12] (*Id.* at ¶ 34.)
[13] (Dkt. 2).

14. The Egyptian Theater filed counterclaims asserting, among other things, "Rectification of the Trademark Register," "Civil Liability for False or Fraudulent Registration," and Declaratory Judgment of Invalid Assignment."[14]

15. In asserting its claim of false registration, the Egyptian Theatre asserted that:

"When he filed the Second Assignment with the USPTO on October 1, 2021, Green falsely represented to the USPTO that he held an ownership interest in the '168 Registration for IRON BUTTERFLY."[15]

"Green falsely represented to the USPTO that Ron Bushy signed the Second Assignment or otherwise assigned to Green his ownership of the mark."[16]

"In filing the Second Assignment with the USPTO, Green intended to induce the UPSTO into recognizing him as the owner of the IRON BUTTERFLY mark."[17]

"In updating the trademark registry to reflect Green's claim of ownership, the USPTO relied on Green's false representations."[18]

## ARGUMENT

### I. THE THIRD-PARTY DEFENDANTS FAIL TO SHOW HOW THE CLAIMS ARE INADEQUATE.

The Third-Party Complaint properly sets forth factual allegations which, if true, state claims for relief for each cause of action. "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[19] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20]

---

[14] (Dkt. 71).
[15] (*Id*. at ¶ 68)
[16] (*Id*. at ¶ 69).
[17] (*Id*. at ¶71).
[18] (*Id.* at ¶ 61*)*.
[19] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (emphasis

The Third-Party Defendants fail to identify why the factual allegations contained in the Third-Party Complaint are inadequate for the claims alleged. The first, second and fifth claims are dismissed with a waive of the hand without any explanation as to why the conduct alleged therein is an insufficient basis for the claims or why they could not lead to indemnification on the party of the Third-Party Defendants. The Third-Party Defendants actively reached out to the Theatre Defendants and convinced them to proceed with the concerts despite the USPTO having recorded the registration in the name of Green. To the extent that harm was done to the Theatre Defendants, the Third-Party Defendants were at least partially at fault for those harms.

    A.    **The Fraud Claim Meets the Requirements of Rule 9.**

As noted in the Third-Party Defendants brief, "To satisfy the particularity standard of Rule 9(b), 'a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" [21] Third Party Defendants cite to two paragraphs of the Third-Party Complaint and suggest that such is inadequate to assert a claim for fraud.

The Third-Party Complaint, however, identifies the requirements. When Green told Mr. Bushy that he was unwilling to move forward with the band in light of Mrs. Bushy's threats to pull Green's rights to the trademarks,[22] Mr. Bushy assured Green that Green would have the right to use the mark.[23] In October 2014, Ronald Bushy represented to Green that he was assigning the

---

added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))
[21] Motion to Dismiss, page 9, citing *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).
[22] (Dkt. 79 at ¶ 19).
[23] (*Id*. at ¶ 20).

IRON BUTTERFLY mark to Green.[24] Mr. Bushy sent two agreements to Green, both purporting to assign the IRON BUTTERFLY mark to Green.[25] Mr. Bushy had no intention of honoring his commitment to Green and allowed Green to believe the assignments were effective.[26] Green reasonably relied on Mr. Bushy's representations.[27]

## II. THE THIRD-PARTY COMPLAINT IS PROPER.

Fed. R. Civ. P. 14 (a)(1) permits a defendant to bring a new party into a lawsuit in situations where the new party might be liable to defendant for all or part of plaintiff's claim. If a counterclaim is asserted against a plaintiff, the plaintiff may implead a third party under the same circumstances a defendant is entitled to do so under Fed. R. Civ. P. 14(a).

Rule 14 was designed to reduce multiplicity of litigation and permit a disposition in the main action of a claim for indemnity against a third party.[28] A third-party defendant must be "liable over" to defendant only in sense that the third-party claim is derivative of, and dependent upon, the success of plaintiff's claim; thus, the third- party claim need not be based on same theory as main claim.[29]

There is considerable discretion vested in the trial court in deciding whether to permit or strike a third-party complaint,[30] , and it is clear that the policy behind the Rule, which is to

---

[24] (*Id*. at ¶ 80).
[25] (*Id*. at ¶ 81).
[26] (*Id*. at ¶ 85).
[27] (Dkt. 79, ¶ 86).
[28] *Thomas v. Malco Refineries, Inc*., 214 F.2d 884, 886 (10th Cir. 1954); *Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan*, 216 F.R.D. at 513; *see also Howard v. Ward County*, 418 F. Supp. 494, 507 (D.N.D. 1976) (stating that a "third-party action" is a proceeding in the nature of indemnity or contribution, the purpose of which is to bring into the lawsuit a party who is or may be liable for all or part of a claim.
[29] *Clark v. Assocs. Commercial Corp*., 149 F.R.D. 629, 634 (D. Kan. 1993).
[30] *Keister v. Laurel Mt. Development Corp.,* 70 F.R.D. 10, 13 (W.D. Pa. 1976).

facilitate judicial economy by avoiding multiple and circuitous suits,[31] should not be defeated by a narrow or technical interpretation of the Rule's requirements.[32]

The Third-Party Complaint is proper because it seeks indemnification for the damages asserted by the Theatre Defendants against Green. Among other things, the Theatre Defendants have asserted a claim for false trademark registration under 15 U.S.C. § 1120, which states:

> Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.

While some of the Theatre Defendants' allegations assert that Green committed fraud by forging documents and submitting the fraudulent documents to the USPTO,[33] many of the allegations simply refer to Green making false statements to the USPTO.[34] As noted in the plain language of the statute above, liability under 15 U.S.C. § 1120 does not per se require fraud. Thus, in theory, Green could be found liable for false registration for making a false declaration – even if the false statements were made in reliance on the representations of Mr. Bushy that he was assigning the mark to Green, along with the documents which were purportedly signed by Mr. Bushy. If the Theatre Defendants were to prevail in the action against Green, the Bushys would be liable to Green based on Mr. Bushy's representations to Green and providing the documents that (if the Counterclaim prevails) had been proven not to be authentic signatures of Mr. Bushy.

While Third-Party Defendants assert that the fraud claim has not be adequately plead, they

---

[31] *United States v. Yellow Cab Co.,* 340 U.S. 543, 556, 95 L. Ed. 523, 71 S. Ct. 399 (1951); *Dery v. Wyer,* 265 F.2d 804, 806-07 (2d Cir. 1959); *Weisman v. Ashplant,* 326 F. Supp. 825, 827 (S.D.N.Y. 1971).
[32] *Marshall v. Pointon,* 88 F.R.D. 566, 568 (W.D. Okl. 1980).
[33] (*See e.g.* Dkt. 71, ¶¶ 70, 76, 77)
[34] (*See e.g.,* Dkt. 71, ¶¶ 68, 69, 71, 72, 73, 75).

fail to identify what elements are missing. Green has plead that Mr. Bushy represented to Green that he would assign the trademark to Green, that Green relied on that representation and that Mr. Bushy sent Green assignments which were purportedly signed by Mr. Bushy. Green relied on the documents provided by Mr. Bushy both in filing with the USPTO and filing the present litigation.[35]

If the assignments were not signed by Mr. Bushy, Mr. Bushy engaged in a fraud on Green. Green relied on Mr. Bushy's representation – which lead to the present lawsuit and the Theatre Defendants counterclaims against Green.

While Green submits that the allegations set forth in the Fraud claim against Mr. Bushy are adequate, he requests leave to add additional detail if the Court determines that they are not.

The Third-Party Complaint also has a claim for negligent misrepresentation. The negligent misrepresentation claim asserts that Mr. Bushy induced Green to spent countless uncompensated hours building the IRON BUTTERFLY mark by representing to him in October 2014 that he was assigning the IRON BUTTERFLY mark to Green.[36] Mr. Bushy then sent two agreements to Green, both purporting to assign the marks to Green.[37] Green reasonably relied on the representations of Mr. Bushy, both in pursuing his work with the band and in his attempts to enforce the IRON BUTTERFLY mark against the Theatre Defendants.[38] To the extent that the Egyptian Theater Defendants have suffered any harm, it is due to the conduct of Mr. Bushy.[39]

---

[35] If the Court believes that the negligent misrepresentation claim is inadequately pled, it is requested that leave be granted to file an Amended Third-Party Complaint providing additional details.
[36] (Dkt. 79, ¶92).
[37] (*Id.* at ¶ 93).
[38] (*Id.* at 95-98).
[39] (*Id.* at 97).

9

Likewise, Mrs. Bushy made false and misleading statements to the Third-Party Defendants to induce them to proceed with the performances which spawned the present litigation. (*Id*. at 104). But for Mrs. Bushy's deceptive trade practices, the Egyptian Theatre Defendants would not be pursuing the counter claims against Green. Thus, Green has the right to assert to the Jury that the Third-Party Defendants are cause of the harm done to the Theatre Defendants, if any, and to seek indemnity from them for their actions.

## **CONCLUSION**

The Third-Party Complaint is proper and should be allowed. If the Court believes that additional facts are needed to meet the pleading requirements of any of the claims, Green should be given leave to file an amended third-party complaint.

Dated this 18th day of March 2022.

                BATEMAN IP

                /s/ Randall B. Bateman
                Randall B. Bateman

                *Attorneys for Plaintiff Michael Green*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March 2022, a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO THIRD-PARTY DEFENDANTS NANCY BUSHY, ESTATE OF RONALD BUSHY, AND THE BUSHY FAMILY TRUST'S MOTION TO DISMISS** was filed with the court via CM-EFC, which will send notification to the following:

>Trevor J. Lee
>Michael E. Harmond
>MANNING CURTIS BRADSHAW & BEDNAR PLLC
>136 East South Temple, Suite 1300
>Salt Lake City, UT 84111
>tlee@mc2b.com
>mharmond@mc2b.com
>*Attorneys for Defendants Park City Performances d.b.a.*
>    *Egyptian Theatre and Randy Barton*

>L. LaVar Christensen (5570)
>11681 S 700 E., Suite 200
>Draper, Utah 84020
>Telephone: (801) 572-9878
>lavar@ca-lawfirm.com

>Steven R. Klein, Esq. (Admitted *Pro Hac Vice*)
>David S. Gold, Esq. (Admitted *Pro Hac Vice*)
>COLE SCHOTZ P.C.
>Court Plaza North
>25 Main Street, P.O. Box 800
>Hackensack, New Jersey 07602-0800
>sklein@coleschotz.com
>dgold@coleschotz.com

Michael N. Cohen
COHEN IP LAW GROUP, PC
9025 Wilshire Blvd., Suite 301
Beverly Hills, CA 90211
mcohen@cohenip.com
*Attorneys for Defendants Utopia Artists, LLC and Wendy Kay*

Steve Lundwall
LUNDWALL LAW PLLC
8969 MEADOW DR
SUNDANCE, UT 84604
steve@lundwall-law.com
*Attorneys for Nancy Bushy, Estate of Ronald Bushy,
 and Bushy Family Trust*

                                                */s/ Randall B. Bateman*
                                                Randall B. Bateman