IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL GREEN,<br><br> Plaintiff,<br><br>v.<br><br>NANCY BUSHY, THE ESTATE OF RONALD BUSHY, and THE BUSHY FAMILY TRUST,<br><br> Third-Party Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE VOLUNTARY DISMISSAL<br><br>Case No. 2:21-cv-00627-JNP<br><br>District Judge Jill N. Parrish |

 Plaintiff Michael Green sued several defendants, claiming that they had infringed his trademark rights to the name of a rock band popular in late 1960's and early 1970's. Green later asserted similar claims against third-party defendants Nancy Bushy, the Estate of Ronald Bushy, and the Bushy Family Trust (collectively, the third-party defendants). Green and the third-party defendants entered a settlement agreement, and they stipulated to the dismissal of the third-party complaint with prejudice.

 Two months after the parties dismissed the claims against the third-party defendants, Green filed a motion for relief from the voluntary dismissal. ECF No. 109. Green argues that pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, the court should vacate the voluntary dismissal due to "fraud . . . , misrepresentation, or misconduct" because the third-party defendants wrongfully refused to comply with the conditions of the settlement agreement. Thus, he asks the court to reopen this action, not to litigate any of the claims he had previously asserted, but to litigate his new claim for breach of the settlement agreement.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." FED. R. CIV. P. 60(b)(3). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 58 F.4th 429, 444 (10th Cir. 2023) (citation omitted).

The court need not determine whether Green's claims that the third-party defendants breached the settlement agreement are true because, regardless of the merits of his assertions, there are no exceptional circumstances that would justify Rule 60(b) relief. Green does not seek to set aside the dismissal to litigate the dismissed causes of action. Instead, he asks the court to reopen the proceedings to pursue new breach of contract claims based on the settlement agreement. But Green may litigate his contract claims by filing an action in a court of competent jurisdiction. Because Green has other avenues to pursue his legal claims, the extraordinary relief available under 60(b) is not appropriate here. *See Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) (holding that a district court did not abuse its discretion when it denied a plaintiff's Rule 60(b) motion to set aside a voluntary dismissal to litigate issues related to a settlement agreement). Accordingly, the court DENIES Green's motion to set aside the voluntary dismissal.[1]

DATED February 14, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

[1] In their response brief, the third-party defendants ask the court to award attorney fees and costs in their favor. The court declines to consider their request because the court's local rules prohibit litigants from making a motion in a response brief. DUCivR 7-1(3).